Commonwealth *v.* Cobb, Appellant.

Submitted April 24, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*R. Barclay Surrick,* Assistant Public Defender, for appellant.

*Ralph B. D'Iorio* and *J. Harold Hughes,* Assistant District Attorneys, *William R. Toal,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

In 1964 appellant pleaded guilty to murder. Following a degree of guilt hearing, he was found guilty of second degree murder and was sentenced to serve from three to twelve years. No appeal was taken. In 1969 appellant filed a petition pursuant to the Post Conviction Hearing Act, alleging that he was denied his right to appeal and that his plea was not knowingly and intelligently entered. Counsel was appointed and a hearing held. Relief was granted on appellant's appeal claim, the Commonwealth conceding that the right to appeal had been denied. The hearing court, however, found that appellant's plea was knowingly and intelligently entered and therefore refused his claim for a new trial. Appellant prosecuted this appeal and we affirm.

At the PCHA hearing appellant testified on direct examination that he entered his plea of guilty because of certain incriminating statements which he had given to the police.[1] Counsel argued at the hearing that these

---

[1] "Q. [Defense counsel] Prior to trial, did you and Mr. Tomlinson [trial counsel] have discussions about what you would do at the trial? A. [Appellant] Yes, we did. Q. Did any of the discussions concern the fact that the District Attorney's Office had the

statements were unconstitutionally obtained, and that the resulting plea was accordingly improper. The hearing court disagreed, however, finding that the statements were properly obtained.[2] Counsel does not now press this finding as error. Rather, counsel now claims that appellant's plea was coerced by trial counsel's advice that it would "cost thousands" if appellant wished to go to trial rather than plead.

While there is evidence indicating that counsel gave such advice,[3] appellant himself never mentioned it at the PCHA hearing, nor did he ever assign this advice as a factor influencing his plea. We see no reason therefore to disbelieve his uncontradicted testimony that he pleaded guilty because he gave the police incriminating statements, and not in any way because he lacked the funds for a trial. Accordingly, there is nothing on the record to indicate that appellant entered his plea under any improper compulsion.

---

statements that you had already made? A. Yes. They told me to plead guilty because they already had the statement from me which will convict me, anyway. Q. And did you plead guilty? A. Yes, I did. Q. Did you plead guilty because of the statements that you had given to the District Attorney's Office? Yes."

[2] Appellant claimed that he was not properly warned before he gave his incriminating statements. His trial, however, occurred some five months before *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964). See *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966).

[3] Appellant's mother testified: "He [trial counsel] only say that they had evidence enough against him that he would have to plead guilty, and we didn't have enough money to pay for an argument and have a jury trial. And he told us what it would cost. . . . So he said, the best thing for me to plead guilty, and he would become a Public Defender, which the State would pay him around $300.00, and if I wanted to fight with him and not plead guilty, it would cost thousands." Trial counsel was not called to testify at the PCHA hearing, because, in appellant's counsel's words, "it was so long ago that he didn't remember a blessed thing, except the name of the defendant."

The hearing court found that appellant's plea was knowingly and intelligently entered. Appellant has presented no evidence to indicate that this finding was error. The order of the Court of Common Pleas, Criminal Division, of Delaware County is affirmed.